Ieeehak, J.,
delivered the opinion of the court:
This bill is filed to subject a tract of land conveyed to the wife of Marcrief, to the payment of a judgment obtained by complainant, against her husband. The judgment was had September 30th, 1867; the deed was made 29th of January, 1868.
Only two questions are now before us, on the appeal as presented in the record.
First, as to whether the judgment had been paid. Second, as to whether the conveyance is void as to creditors of the husband, as being fraudulent in law, if not in fact.
As to the first question, there is no payment shown which can bind the complainant. John Hallum was the attorney who obtained the judgment and filed this bill. He owed other parties, represented by one Only as attorney. Only was the attorney of defendant in this case; Only was furnished the money to pay this debt by the defendant. He agreed to a settlement with Ilallum, by which the judgment was to be satisfied and this bill dismissed, each party paying half the costs.
That agreement was, however, that Hallum was to pay the debt he owed Only for parties represented by him, by allowing Only to retain the money of defendant, thus receiving payment of complainant’s debt by paying his own debt, and he becoming paymaster to his client.
VVe need but say that the attorney, Hallum, was not authorized to make this arrangement or to receive anything but money for his client. It was a breach of his duty to make such an agreement and not binding on his client. *183 Only was equally guilty, perhaps, of breach of his duty in receiving or retaining the money of his client in payment- of claims on Hallum, and would probably be; responsible to Marerief for the money so obtained.
As to the second question, the facts are found mainly in the answer of Mrs. Marcrief, for its .solution. It is claimed by her that her husband, some time previous to the conveyance, had been jailer of Shelby county; that she did service claimed to have been beyond the usual duties of a wife, in cooking for the prisoners under charge- of the husband; that in consideration of these services the husband promised, out of the proceeds of their joint labor, to buy a homestead to be settled on her as her separate estate, for her use and for her family; that as the warrants from the state and county were received, they were sold to the amount of about $1,800, and these proceeds given to her for the above purpose, while it is said he had no creditors to complain of it. Afterwards, this money, or part of it, was invested in a note, and balance loaned out. These notes, the one bought and the one for loaned money, are claimed to have been invested in the land in controversy.
On these facts, is complainant entitled to subject the land to payment of his debt? As to the'assumed gift of proceeds of warrants, this must be held to amount to- nothing. It was void as to creditors for want of registration. Sec. 1760 of the Code [Shannon’s Code, sec. 3151], declaring all conveyances of goods and chattels not made on valuable consideration, “shall be taken as fraudulent, unless the same be by will duly proved and recorded, unless possession remain with the donee” — that is, void as to creditors of the donor. Dillard v. Dillard, 3 Hum., 41.
This assumed transfer is not supported by valuable consideration, but must be treated as a pure agreement for a gift not perfected by delivery. The services of the wife being but what the husband was entitled to, therefore no basis for consideration to support a contract. In fact, it is *184 substantially treated as a gift in tlie answer, as it certainly was.
This being so, the only question is as to wlietber the ■voluntary gift is good as against creditors, under the fact stated. It must be treated as assuming legal form for validity only at date of conveyance. The judgment was obtained on 30th of September, 1867, the deed made 29th of January, 1868. We need but state without argument, the long settled rule in this state, that a voluntary conveyance is prima facie void as to creditors existent at the time. To rebut this presumption, it must be shown that ample means for the payment of existent debts were retained by the husband independent of the provision made for the wife. 4 Sneed, 124; 9 Hum., 565.
There is no evidence in this case to- rebut this presumption; nothing to show that any property whatever was retained to meet existing liabilities. On the contrary, the sbevifPs nulla bona on the execution issued before the filing of this bill, -would be prima facie evidence against the existence of such facts.
As to the argument based on the idea, that the money in this case was originally derived from official salary, could not have been subjected to execution, attachment, or garnishment, we need but say the principle has no application to this case. This is not an application by any one of these modes to subject such salary to debt. It has gone into the hands of the husband, been collected by him, and stands as any other property or fund in his hands, governed by the same rules.
On the whole case, we reverse the decree of the chancellor, and hold the land subject to payment of the debt of complainant. It -will be sold by the clerk of this court, if debt is not paid in ninety days from adjournment. But as there is no prayer for sale without redemption, it must be sold on the usual terms of cash, subject to redemption. Costs to be paid out of proceeds of sale.